```
                      UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF INDIANA
                           SOUTH BEND DIVISION
```

DEAN E. BLANCK,                       )
                                      )
      Plaintiff                       )
                                      )
  vs.                                 )    CAUSE NO. 3:06-CV-029 RM
                                      )
J. DAVID DONAHUE, The Commissioner    )
of the Indiana Department of Corrections, )
et al.,                               )
      Defendants                      )

## OPINION AND ORDER

While he was a prisoner confined at the Westville Control Unit ("WCU"), Dean Blanck submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights. He also asserts jurisdiction pursuant to 42 U.S.C. § 12101 and supplemental jurisdiction over state tort actions pursuant to 28 U.S.C. § 1367. Mr. Blanck subsequently filed an amended complaint that superseded the original complaint. The defendants named in the amended complaint are the State of Indiana, the Indiana Department of Correction ("IDOC"), the WCU, Prison Health Services ("PHS"), Correctional Medical Services ("CMS"), and WCU Nurse Barbara Brubaker.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under §

1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Blanck brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

In his amended complaint, Mr. Blanck alleges that he has tested positive for Hepatitis C. He asserts that the defendants refused to treat him for it and as a result, he has developed other medical problems and is now terminally ill. In his amended complaint, Mr. Blanck alleges that the defendants discriminated against him because of a disability, and in his request for relief he asserts that Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination against a qualified individual with a disability. Mr. Blanck states in paragraph 19 of his amended complaint that because of his medical condition "he qualifies as disabled for purposes of 42 U.S.C.§ 12102(2)(A)," and may seek damages pursuant to 42 U.S.C.§ 12101.

The ADA applies to prison inmates, <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206 (1998), but the essence of an ADA claim is discrimination. Mr. Blanck alleges that the defendants have not treated him for his condition. This is not an ADA claim; rather this would be a violation of the Eighth Amendment. He alleges that he has been placed in segregated housing units where he does not have access to programs available to inmates in general population. This, however, is also not an ADA claim, it would be a claim under the Fourteenth Amendment due process clause. Accordingly, the court will dismiss the ADA claim and consider Mr. Blanck's claims under the Eighth and Fourteenth Amendments.

Mr. Blanck names the state of Indiana, the IDOC, and the WCU as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh

3

Amendment bars "a suit by a citizen against the citizens own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies such as the IDOC and the WCU as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

In paragraph 3 of his amended complaint, Mr. Blanck asserts that 42 U.S.C. § 12101(b)(4) abrogated the states' Eleventh Amendment immunity from suit in cases brought under the ADA. But the court has already dismissed Mr. Blanck's ADA claims, so it must also dismiss the State of Indiana, the IDOC, and the WCU.

Mr. Blanck alleges that the defendants violated his Eighth Amendment rights by denying him adequate medical treatment. Mr. Blanck alleges "a pattern of complete denial of medication, treatment and medical care for a serious deadly contagious disease, hepatitis C (HCV), and advanced cirrhosis of the liver." (Amended Complaint at p. 2). He asserts that "from July of 1998 up to and including January of 2006, all treatment was refused and denied in its entirety." (Amended Complaint at p. 5).

Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." Doe v. Howe Military School, 227 F.3d 981, 987 (7th Cir. 2001); see also Snoderly v. R.U.F.F. Drug

4

Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (2-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983").

Accordingly, the court will only consider claims arising within the two years proceeding the filing of the original complaint in this case. Moreover, this court has already reviewed Mr. Blanck's medical care up through 2003 in Blanck v. State of Indiana, 3:03-cv-457 RM, and determined that prison medical personnel saw Mr. Blanck, performed diagnostic tests on him, and treated and monitored his medical conditions.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in Farmer v. Brennan and Wilson v. Seiter is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

5

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. Billman v. Indiana Department of Correction, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), quoting Farmer v. Brennan, 511 U.S. at 837-838.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73. Mr. Blanck had a serious medical need, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim that the Nurse Brubaker refused him any treatment for hepatitis C and advanced cirrhosis of the liver while he was confined at the WCU.

The remaining defendants are contract medical providers PHS and CMS, which are entities who can violate a prisoner's rights only by adopting policies that deny needed medical treatment. The doctrine of respondeat superior, which allows a superior to be held liable for subordinates' actions in some types of cases, has

6

no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

In rhetorical paragraph 36 of his amended complaint, Mr. Blanck alleges that these entities had "an official proclamation, policy, or edict . . . preventing prisoners from seeing a real professional liver specialist, which is the main cause for the damage to my health and the deliberate indifference that has violated my constitutional rights." But "under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). That PHS and CMS may have had a policy that prisoners be examined and treated by their own doctors, rather than outside doctors, states no Eighth Amendment claim upon which relief can be granted.

Mr. Blanck also alleges that the defendants violated rights protected by the Eighth Amendment and the Fourteenth Amendment's due process and equal protection clauses by placing him in long term punitive segregation. But Nurse Brubaker, the only defendant who has not been dismissed, is involved with Mr. Blanck's medical care and treatment, not with custody decisions. Accordingly, the court must dismiss these claims.

Finally, Mr. Blanck's amended complaint presents supplemental state law claims. Pursuant to 28 U.S.C. § 1367, which codified the pendent jurisdiction doctrine, federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." The court will permit Mr. Blanck to pursue his state law tort claims against Nurse Brubaker dealing with medical

7

treatment to the extent that he meets the procedural prerequisites established by state statute to bring such claims.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Barbara Brubaker for damages in her personal capacity on his Eighth Amendment medical treatment claims arising within the two years preceding the filing of his complaint, and on his supplemental state law tort claims to the extent that he meets the procedural prerequisites established by state statute to bring such claims;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); DISMISSES defendants State of Indiana, Indiana Department of Correction, Prison Health Services, Correctional Medical Services, and Westville Control Unit, and DISMISSES all claims other than the Eighth Amendment denial of medical treatment claims. and supplemental state law claims against defendant Barbara Brubaker;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendant Brubaker respond to the complaint as provided for in the Federal Rules of Civil Procedure;

(4) Because the plaintiff s not proceeding *in forma pauperis*, the court may not require the Marshals Service to serve the defendant on his behalf pursuant to 28 U.S.C. § 1915(d). The plaintiff may arrange to serve defendant Brubaker himself or, if he wishes to have the Marshals Service to serve the defendant, he may pay the $8.00 fee necessary to have the marshals service serve defendant Brubaker; and

(5) If the plaintiff pays to have the Marshals Service serve defendant Brubaker, the court DIRECTS the clerk's office to ensure that a copy of this order is served on her along with the summons and complaint.

SO ORDERED.

ENTERED: September  13 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court