UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEAN E. BLANCK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-00029 RM |
| | ) | |
| J. DAVID DONAHUE, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Dean E. Blanck, a *pro se* prisoner, submitted a petition to proceed *in forma pauperis* on appeal. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Blanck has accumulated seven strikes.

The records of the United States District Court for the Southern District of Indiana confirm that the disposition of four cases filed by Mr. Blanck qualify as "strikes" within the meaning of §1915(g):

      (1) IP93-C-1574-B/G dismissed November 24, 1993;
      (2) IP93-C-1646-M/G dismissed April 28, 1994;
      (3) IP94-C-1465-B/S dismissed October 7, 1994; and
      (4) TH94-C-0174-M/H, dismissed April 28, 1995.

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of this case qualifies as a "strike" within the meaning of §1915(g):

> (5) 3:03-CV-457, dismissed November 25, 2003.

Additionally, the records of the United States Court of Appeals for the Seventh Circuit confirm that the disposition of two appeals filed by Mr. Blanck qualify as "strikes" within the meaning of §1915(g):

> (6) No. 94-2557, ". . . this appeal is dismissed for lack of jurisdiction." Circuit docket entry of August 8, 1994.
> (7) No. 00-8001, "The petition is dismissed for lack of jurisdiction." Circuit docket entry of January 20, 2000.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Blanck's complaint alleges discrimination and lack of medical treatment. The medical treatment claims are proceeding against another defendant, and therefore the dismissal of his ADA claims do not place him in imminent danger of serious physical injury. Accordingly, 28 U.S.C. § 1915(g) mandates the court deny Mr. Blanck leave to proceed *in forma pauperis*.

Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." On December 11, 2006, the court denied Mr. Blanck leave to file an interlocutory appeal . This court certifies that this appeal is not taken in good faith for the reasons stated in this court's order denying leave to file an interlocutory appeal.

Mr. Blanck still may proceed with this appeal, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

(1) **DENIES** the plaintiff's motion (docket #46) for leave to proceed *in forma pauperis* on appeal;

(2) **AFFORDS** the plaintiff to and including January 19, 2007, within which to pay the **$455.00** appellate filing and docketing fees, and

(3) **ADVISES** him that if he does not pay the appeal fee by that date, this appeal may be dismissed without further notice without affecting his obligation to pay the filing fee.

SO ORDERED.

ENTERED: December  18 , 2006


                                    /s/ Robert L. Miller, Jr.
                                  Chief Judge
                                  United States District Court