UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEAN E. BLANCK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-00029 RM |
| ) | |
| J. DAVID DONAHUE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Dean Blanck, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights. He also filed an amended complaint, which the court screened pursuant to 28 U.S.C. § 1915A. The court allowed Mr. Blanck to proceed against Nurse Barbara Brubaker on his claim that she denied him medical treatment, and dismissed all other claims and defendants. Defendant Brubaker moves for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Blanck exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); Mr. Blanck has responded. For the reasons that follow, the court denies defendant Brubaker's summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.

> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

In support of her summary judgment motion, defendant Brubaker submits her own declaration, the declaration of Westville Control Unit Grievance Specialist Cheryl York and excerpts from Mr. Blanck's grievance records. Ms. York states in her declaration that she searched Mr. Blanck's grievance records and found that he filed a grievance dealing with lack of medical care at the facility on June 20, 2005, but that he didn't appeal the denial of that grievance to step two of the IDOC's lengthy and complex grievance procedure.

Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be pled and proved by the defendant. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 536.  Because the defendant met her initial obligation under FED. R. CIV. P. 56, the burden falls upon Mr. Blanck to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide in his favor the question of whether he appealed the denial of the grievance cited by Nurse Brubaker. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

In response to the defendant's summary judgment motion, Mr. Blanck filed a declaration in which he states that when he was notified that his step one grievance had been denied he tried to obtain a step II appeal form from officials, but that he never received a response from them. He submits a request for interview, dated August 4, 2005, addressed to the grievance specialist asking "[c]ould you please forward me a Step II grievance appeal form for No. 05-7-204 denial of medical care." (Docket #72 - B). He also submits a request for interview addressed to Counselor Steve Euler asking "[c]ould you please contact the grievance officer and have them send me a step II appeal for grievance No. 05-7-204 because they did not respond to my request slop last week." (Docket #72 - B).

The court must accept as true, for summary judgment purposes, Mr. Blanck's sworn statement that he attempted to appeal the denial of his grievance but was unable to do so because prison officials did not respond to his requests for a grievance form. Mr. Blanck is housed at a "supermax" facility where prisoners are more dependent on officials to send them forms than are prisoners housed in general population in other facilities.

In Dole v. Chandler, 438 F.3d at 811, the court noted that in each case where a prisoner had been found not to have exhausted, "unlike this one, the *prisoner's* mistake

3

triggered the exhaustion requirement." Id. at 811. (emphasis in original, citations omitted). The court of appeals concluded that "the misstep in Dole's case was entirely that of the prison system." Id. at 811. "Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA." Id. at 813.

Mr. Blanck asserts in a sworn statement, supported by the requests for interview, that he unsuccessfully requested a step #2 grievance form twice. Crediting Mr. Blanck's sworn statement, as the court must when addressing a summary judgment motion, he has sufficiently established that he attempted appeal the denial of his grievance but was unable to do so because officials did not respond to his requests for a Step II grievance appeal form. Mr. Blanck's submissions have created a disputed issue of fact, as to whether prison officials inaction thwarted his attempts to appeal the denial of his grievance, which the court cannot resolve on summary judgment.

For the foregoing reasons, the court DENIES the defendants' motion for summary judgment (docket #57).

SO ORDERED.

ENTERED: August  27 , 2007

                                             /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court